FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RICARDO LUIS SANCHEZ, <br><br> Defendants. | No. 2:26-CR-00061-RLP <br><br> PROTECTIVE ORDER FOR IDENTIFICATION OF MINOR VICTIMS AND COMPUTER FORENSIC REVIEW PROCEDURES |

Before the Court are the Government's unopposed Motion for a Protective Order re: Minor's Identifying Information, ECF No. 16, and Stipulated Motion Regarding Computer Forensic Review Procedures for Sexually Explicit Contraband, ECF No. 17. The Court has reviewed the motions and finds good cause to grant the protective orders.

**Accordingly, IT IS ORDERED:**

1.      The Government's Motion to Expedite, **ECF No. 18**, is **GRANTED**.

2.      The Government's unopposed Motion for a Protective Order re: Minor's Identifying Information, **ECF No. 16**, and Stipulated Motion Regarding

PROTECTIVE ORDER FOR IDENTIFICATION OF MINOR VICTIMS AND COMPUTER FORENSIC REVIEW PROCEDURES * 1

Computer Forensic Review Procedures for Sexually Explicit Contraband, **ECF No. 17**, are **GRANTED**.

3.     The privacy protection measures mandated by 18 U.S.C. § 3509(d), when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime of sexual abuse, or a witness to a crime committed against another person, apply to this case.

4.     All persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B), shall follow and abide by the privacy protections of 18 U.S.C. § 3509(d)(1) and (2) as follows:

(a) Confidentiality of information.

(i) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall:

(A) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

(B) disclose documents described in clause (A) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

PROTECTIVE ORDER FOR IDENTIFICATION OF MINOR VICTIMS AND COMPUTER FORENSIC REVIEW PROCEDURES * 2

(ii) Subparagraph (i) applies to:

(A) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

(B) employees of the court;

(C) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

(D) members of the jury.

(b) Filing under seal. All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court:

(i) the complete paper to be kept under seal; and

(ii) the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

PROTECTIVE ORDER FOR IDENTIFICATION OF MINOR VICTIMS AND COMPUTER FORENSIC REVIEW PROCEDURES * 3

(c) Counsel shall remind all persons providing assistance on this case of these obligations.

5.     Any alleged victim will be referred to either by pseudonyms, whichever is agreed upon by counsel for the Government and the Defendant. Counsel shall be consistent in their use of the identifier selected. The parties shall prepare their witnesses and instruct them to refer to the alleged victims only by using the agreed pseudonyms (e.g., "MINOR 1", "MINOR 2" etc.), rather than their names, in opening statements and in closing arguments.

6.     All personal information relating to any victim described above shall be precluded from public disclosure.

7.     18 U.S.C. § 3509(m) applies to this case, and the Court is required to deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the Government makes the material reasonably available to the Defendant and provides an ample opportunity for the defense to examine it at a government facility. *See* 18 U.S.C. § 3509(m).

8.     In order to comply with 18 U.S.C. § 3509(m), and to allow the Defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the Government will make a true forensic copy of images and extractions from devices and media containing alleged child pornography contraband at issue in the above-referenced case. The Government will make that

PROTECTIVE ORDER FOR IDENTIFICATION OF MINOR VICTIMS AND COMPUTER FORENSIC REVIEW PROCEDURES * 4

forensic image reasonably available to the Defendant and provide ample opportunity for the defense team to examine it at a government facility in Spokane, Washington. The parties may readdress the Court if there is a need for additional or after-hours access during the course of litigation or additional forensic review.

9.    the defense forensic examination will be conducted in an interview room monitored by closed-circuit television ("CC-TV"), without audio feed. While the TV with non-audio feed will ensure the integrity of FBI space and security of its occupants, the video feed is not of sufficient detail or at an angle that would reveal defense strategy. The Government and its agents expressly agree that no attempt will be made to record any audio from the workstation and that no attempt will be made to observe the defense team's work product or computer monitor screen at any time. The defense expert may review the feed to ensure that defense strategy is not being compromised at any time while conducting the forensic review.

10.    The defense team[1] shall not make, nor permit to be made, any copies of the alleged child pornography contraband pursuant to this Protective Order and

---

[1] For purposes of this Protective Order, the term "defense team" refers solely to the Defendant's counsel of record ("defense counsel"), the Defendant's designated expert ("defense expert"), and a defense investigator.

PROTECTIVE ORDER FOR IDENTIFICATION OF MINOR VICTIMS AND COMPUTER FORENSIC REVIEW PROCEDURES * 5

shall not remove any contraband images from the government facility. The defense expert will be allowed to copy any file that is not contraband and compile a report (without contraband images/videos) documenting the examination on removable media at the discretion of the defense expert.

11.    The defense expert and investigator will leave at the government facility any equipment, including hard drives, which contain child pornography contraband that is identified during forensic evaluation.

12.    For the purpose of trial, the Government agrees to make available a digital copy of any government trial exhibit that contains contraband, which will be kept in the custody and control of the case agent. Upon reasonable notice by the defense, the case agent will also maintain for trial digital copies of any proposed defense exhibit that contains contraband. If the defense team intends to offer, publish, or otherwise utilize any government or defense exhibit contained on the digital copy maintained by the case agent during trial, the case agent shall assist the defense team in publishing or utilizing the exhibit that contains contraband upon notification by the defense team.

//

//

PROTECTIVE ORDER FOR IDENTIFICATION OF MINOR VICTIMS AND COMPUTER FORENSIC REVIEW PROCEDURES * 6

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel

DATED June 15, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER FOR IDENTIFICATION OF MINOR VICTIMS AND COMPUTER FORENSIC REVIEW PROCEDURES * 7